**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CASEY WHITT**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15 C 9322 |
| | ) |
| **AEROTERM PROPERTIES, LLC**, | ) |
| a foreign corporation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Counsel for original defendant Aeroterm Properties, LLC ("Aeroterm") have commendably transmitted to this Court's chambers, even before their delivery of Aeroterm's Notice of Removal as is called for by this District's LR 5.2(f), a notice stating that just an hour before counsel filed that Notice of Removal the lawyer for plaintiff Casey Whitt ("Whitt") had filed a Second Amended Complaint ("SAC") in the Circuit Court of Cook County, from which court the putative removal had taken place. As stated in Paragraph 5 of that informational notice:

> Counsel for Defendant Aeroterm Properties, LLC is evaluating the impact of Plaintiff's filing of a Second Amended Complaint naming two new Defendants on the same day that the Notice of Removal was filed with this Court, but wanted to advise the Court of this development immediately.

This Court, however, has an independent obligation that compels the issuance of this sua sponte memorandum opinion and order.

Federal subject matter jurisdiction over this personal injury claim was sought to be invoked by Aeroterm and its counsel on the basis of diversity of citizenship as between the

original parties,[1] with Whitt being an Illinois citizen and with Aeroterm's citizenship (based on that of the citizenship of all of its members, see, e.g., Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006)) being that of two individuals respectively identified as citizens of Maryland and Florida. But as of the time of removal, with the SAC having replaced Aeroterm (which was dropped as a defendant) with two new defendants, the citizenship on the defense side of the "v." sign included Aeroterm US, Inc., a corporation with its principal place of business in Chicago (SAC ¶ 2) and therefore (like Whitt) an Illinois citizen under Section 1332(c)(1).

That shared Illinois citizenship by parties on opposite sides of the "v." sign is fatal to any attempted removal of the case, for the requirement of complete diversity in that sense has been established for more than two centuries by the principle first announced by Chief Justice Marshall in Strawbridge v. Curtiss, 3 Cranch 267 (1806). Hence the SAC's failure to identify the citizenship of the new co-defendant, Aero O'Hare Express, LLC, is an irrelevancy for jurisdictional purposes.

That being the case, Section 1447(c) mandates:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

This Court so orders, and it further orders that the certified copy of the order of remand required by Section 1447(c) to be mailed by the Clerk of this District Court to the Clerk of the Circuit

---

[1] This opinion will assume without deciding that Aeroterm and its counsel were on sound ground in asserting the existence of the more-than-$75,000 amount in controversy required by 28 U.S.C. § 1332(a). As a matter of convenience, all further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

Court of Cook County shall be transmitted forthwith.

```
                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge
```

Date:  October 22, 2015